UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD LEDESMA,<br><br>    Plaintiff,<br><br>    v.<br><br>VASILE CRASNEAN,<br>Registered Nurse,<br><br>    Defendant. | Case No. EDCV 19-1686-FMO (JPR)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On September 4, 2019, Plaintiff filed this civil-rights action pro se. The allegations of the Complaint are substantially similar to those of a lawsuit he filed in 2015, which was dismissed without prejudice after he failed to state a claim or prosecute it. See Order Dismissing Action, Ledesma v. Cal. Rehab. Ctr., No. EDCV 15-2638-FMO (JPR) (C.D. Cal. May 10, 2016), ECF No. 12. On November 26, 2019, the Magistrate Judge dismissed this Complaint for failure to state a claim but with leave to amend, warning Plaintiff in bold letters that if he failed to file a timely amended complaint his lawsuit would "likely" be dismissed for the reasons stated in the order and for failure to prosecute.

1

Mail the Court had earlier sent Plaintiff was returned as undeliverable, but he apparently has access to the docket because he nonetheless responded to it, providing the requested information and reiterating that his address of record was correct despite the returned mail. Plaintiff's amended complaint was due December 24, 2019; he has not filed one, nor has he requested an extension of time to do so. That mail was not returned to the Court, so it presumably reached Plaintiff, who in any event apparently has access to the electronic docket and would have been aware of it that way as well.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). When a plaintiff fails to timely submit an amended

complaint, dismissal may be with prejudice. Yourish v. Cal. Amplifier, 191 F.3d 983, 989-90 (9th Cir. 1999).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has not rebutted the presumption of prejudice to Defendant, and no less drastic sanction is available because he has a history of failing to prosecute these very claims. Moreover, his Complaint cannot be ordered served because it fails to state a claim (and, as the Magistrate Judge pointed out, is likely time barred). Cf. Amina v. WMC Mortg. Corp., 554 F. App'x 555, 555 (9th Cir. 2014) (upholding dismissal of action with prejudice for failure to prosecute when plaintiffs "repeatedly" failed to comply with obligations prosecuting it despite being warned that if they did not it might be dismissed). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. And because Plaintiff earlier failed to prosecute an almost identical lawsuit, dismissal should be with prejudice.

It therefore is ORDERED that this action is dismissed with prejudice for failure to prosecute and for the reasons stated in the Magistrate Judge's November 26, 2019 dismissal order, which the Court has read, agrees with, and accepts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 3, 2020

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge